826 F.2d 1072
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Sofronio Y. LIBARIOS, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 Appeal No. 87-3301
 United States Court of Appeals, Federal Circuit.
 July 13, 1987.
 
 Before DAVIS, Circuit Judge, and BENNETT and MILLER, Senior Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board, No. SE08318610263, September 19, 1986, affirming the denial of civil service retirement benefits on the ground that petitioner had not accumulated five years of creditable service under the Civil Service Retirement Act (CSRA), is affirmed.
 
 OPINION
 
 2
 To be eligible for CSRA benefits, one must have accumulated at least five years of creditable service. 5 U.S.C. Sec. 8333(a) (1982); see also 5 U.S.C. Sec. 8332. The burden of establishing eligibility rests with the applicant, and failure to demonstrate eligibility by a preponderance of evidence will result in a denial of benefits. Husky v. Office of Personnel Management, 27 M.S.P.R. 363, 365 (1985).
 
 
 3
 We are satisfied that there is no reversible error in the board's determination that petitioner failed to meet this burden. To establish eligibility, petitioner relies on services rendered to the Municipal Government of Hinunangan, Southern Leyte, and on services to the Philippine Islands Insular Government performed after the Philippines became a separate commonwealth on November 15, 1935. However, such services do not qualify as creditable service under the CSRA. Assuming, arguendo, that petitioner's work in a war-time guerilla unit was performed with a unit recognized by the United States (a fact that petitioner failed to establish), and adding this time to that spent as a civilian employee of the Department of the Army from December 28, 1944 to March 31, 1947, petitioner's total creditable service does not meet the five-year minimum established by Congress. Thus, if petitioner is to receive benefits for time spent in service to the United States, his remedy is with Congress, not this court. The decision of the board is affirmed.